# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TROY WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:18-cv-1988-RLW |
| ) | |
| MARY SANDERS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Troy Williams's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will allow petitioner to proceed *in forma pauperis* in this action, and will dismiss the petition.

### Background

This case originated in the United States District Court for the Western District of Missouri, where petitioner filed the instant petition on November 5, 2018. On November 20, 2018, the Honorable Ortrie D. Smith entered an order transferring the case to this district court. Judge Smith also granted petitioner provisional leave to proceed *in forma pauperis*. This Court will allow petitioner to continue to proceed *in forma pauperis* in these proceedings.

The following information is drawn from the instant petition, from an exhibit that petitioner filed therewith, and from independent review of petitioner's state court proceedings on Missouri Case.net, the State of Missouri's online docketing system. In 1984, petitioner was charged in state court with failure to yield to an emergency vehicle, resisting arrest, first degree assault with a motor vehicle, and other offenses. He entered a plea of not guilty by reason of

1

insanity ("NGRI"). On June 5, 1984, the Circuit Court for Pemiscot County, Missouri accepted petitioner's plea and found him not guilty by reason of mental disease or defect, and committed him to the State of Missouri Department of Mental Health for custody, care, and treatment. *State of Missouri v. Troy Williams,* No. CR584-33FX (5th Jud. Cir. 1984). Petitioner did not seek direct review. At present, petitioner receives care from the Northwest Missouri Psychiatric Rehabilitation Center in St. Joseph, Missouri.

In 2017, petitioner filed a petition for writ of habeas corpus in state court, alleging that the commitment court violated his due process rights in 1984 when it accepted his NGRI plea. *Troy Williams v. Mark Stringer*, No. 17BU-CV03060 (5th Jud. Cir. 2017). In support, petitioner argued that, because he failed to file certain documents, the commitment court lacked the authority to accept the plea. On January 12, 2018, the Circuit Court of Buchanan County, Missouri denied the petition. That decision was affirmed by the Missouri Court of Appeals for the Western District of Missouri, *Troy Williams v. Mark Stringer*, No. WD81837 (Mo. Ct. App. W.D. 2018), and by the Missouri Supreme Court. *Troy Williams v. Mark Stringer*, No. SC97246 (Mo. 2018). Petitioner does not aver, nor does it appear, that he petitioned for conditional or unconditional release before filing the instant petition.

### The Petition

In the instant petition, petitioner seeks unconditional release. In support, he contends that, in 1984, his attorney failed to investigate his competency and engaged in collusion to "get NGRI over on" him. (Docket No. 1 at 6). He states he was "in handcuffs for 2 hours knocked unconscious." *Id.*. He claims an "enclosed evaluation" supports his unconditional release, and he asks that a "1988/2004" Probate Court guardianship appointment be terminated. *Id.* He

2

claims that Mary Sanders is only treating him for persecutor delusion, he states his report "shows cuts between legs to gather body tissue to clone," and he claims his DNA was used to make Risperdal. *Id.* at 7. He writes: "Tracy Lawrance says Brothers on a diet high cholesterol. Toby Keith says bullets in the gun enclosed lyrics. Dentist dropped a clear device in tooth canal that when activated shocks the brain by remote control/see song Rock You Baby to Sleep by Remote Control." *Id.*

In addition to seeking unconditional release, petitioner seeks the expunction of his NGRI plea, and unspecified damages for defamation of character.

After filing the instant petition, petitioner submitted numerous letters directed to various officials, including the President and Vice President of the United States. The letters contain numerous nonsensical allegations. For example, in one such letter, petitioner alleges that the Vice President has a receiver to his transmitter and is trying to kill him, and he wishes to bring claims for $100 million.

**Discussion**

The petition is subject to dismissal due to petitioner's failure to exhaust his available state remedies. Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

Petitioner's 2017 state petition for writ of habeas corpus does not satisfy this exhaustion requirement. "To satisfy the exhaustion requirement, a person confined in a Missouri State

3

Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted). Here, petitioner does not allege, nor does independent research reveal, that he applied for release under section 552.040. The Court therefore concludes that petitioner has failed to exhaust his state court remedies, and that the instant petition should therefore be dismissed.

To the extent petitioner can be understood to challenge the state court's denial of his 2017 habeas petition, such claim is not cognizable in these proceedings. Similarly, petitioner cannot recover monetary damages in this 28 U.S.C. § 2254 action, nor can he state civil claims against the respondent or any of the officials named in the letters.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing here, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Troy Williams may proceed *in forma pauperis* in these proceedings.

**IT IS FURTHER ORDERED** that petitioner Troy Williams's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 10th day of December, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE