## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| TROY WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:18-cv-1988-RLW |
| | ) |
| MARY SANDERS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a document filed by petitioner Troy Williams, who is presently receiving treatment at the Northwest Missouri Psychiatric Rehabilitation Center. The Court liberally construes the document as a motion for reconsideration. For the reasons explained below, the Court will deny the motion.

This case originated on November 5, 2018 in the United States District Court for the Western District of Missouri, where petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, petitioner sought unconditional release. On November 20, 2018, the Honorable Ortrie D. Smith entered an order transferring the case to this district court. On December 10, 2018, this Court summarily dismissed the petition after determining that petitioner had failed to exhaust his available state remedies. The motion presently before the Court is largely illegible, and it contains nonsensical statements. However, petitioner can be understood to contend that his petition should not have been dismissed.

Petitioner did not frame his motion under the Federal Rules of Civil Procedure, but it can be considered the functional equivalent of a motion under either Rule 59(e) or 60(b). Rule 59(e)

1

allows a court to correct its own mistakes in the time immediately following judgment. *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Id.* Rule 60(b) allows a court to "relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *U.S. v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).

In the instant motion, petitioner fails to point to any manifest errors of law or fact or any newly discovered evidence, and he fails to set forth any exceptional circumstances justifying relief. The motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration (Docket No. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.
Dated this _____ day of January, 2019.

Ronnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

2